**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | | |
|---|---|---|
| ESSINTIAL ENTERPRISE SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as United States Secretary of Treasury; and The United States of America,<br><br>Defendants. | ) | Case No. _______________ |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff, Essintial Enterprise Solutions, LLC ("Essintial"), for its Verified Complaint for Injunctive and Declaratory Relief, states and alleges as follows:

**INTRODUCTION**

1. This is an action which seeks judicial review of the legally erroneous and arbitrary and capricious decision by Defendant United States Small Business Administration ("SBA") to deny forgiveness to Essintial of a Paycheck Protection Program ("PPP") Loan (the "Loan") it obtained pursuant to the Coronavirus Aid,

Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The Court should review and reverse the SBA's Final Decision and direct it to forgive Essintial's PPP Loan.

## PARTIES

2. Plaintiff Essintial is a limited liability corporation organized under the laws of Delaware with its principal place of business at 431 Railroad Avenue, Camp Hill, Pennsylvania 17011. Essintial provides technical support, installation projects and staffing solutions to customers in the airport, retail, hotel, and restaurant industries, industries especially effected by the various COVID pandemic shutdown orders.

3. Defendant SBA is an independent federal agency created and authorized pursuant to 15 U. S.C. § 633, *et seq*. Pursuant to the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP.

4. Defendant Isabella Casillas Guzman ("Administrator Guzman") is the Administrator of the SBA and is named as a Defendant only in her official capacity. Because Administrator Guzman is the officer with final authority for administering the PPP within the SBA, Administrator Guzman is a proper Defendant for causes of action brought under the Administrative Procedures Act ("APA"). *See* 5 U.S.C. § 702.

5. Defendant Janet Yellen ("Secretary Yellen") is the Secretary of the United States Department of Treasury and is named as Defendant only in her official capacity. Because Secretary Yellen is the officer with final authority on all matters relating to the Department of Treasury consulting with the SBA for the implementation of the PPP, Secretary Yellen is a proper Defendant for causes of action brought under the APA. *Id.*

6. Defendant United States of America is a proper Defendant in APA cases. *Id.*

## VENUE AND JURISDICTION

7. This action arises out of the arbitrary, capricious, and clear error of facts and law in the SBA's Final Decision, the SBA OHA Denial Decision and OHA Reconsideration Decision (each defined below).

8. Jurisdiction is proper under 28 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States, namely the CARES Act and the APA. As detailed above, Congress enacted the CARES Act to increase eligibility and to make PPP loans available to any business concern. Notwithstanding the increased eligibility of the CARES Act, the SBA later promulgated regulations limiting the eligibility of certain businesses to receive PPP loans through an Interim Final Rule published in the Federal Register on April 15, 2020 and with an effective date of April 15, 2020 ("Effective Date").

9. Venue is proper in the United States District Court for the Middle District of Pennsylvania, Harrisburg Division, under 28 U.S.C. § 1391(e) because Essintial's primary place of business and the PPP loan proceeds are located in Camp Hill, Pennsylvania.

10. The SBA's review and denial of Essintial's appeal through the SBA's Office of Hearings and Appeal ("OHA") became final on July 16, 2022, 30 days after service of the Denial Decision. 13 C.F.R. § 134.1211(g).

11. Essintial is entitled to judicial review of the Denial Decision. 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court."); § 134.1211(g) ("Appeal to Federal district court. Final decisions may be appealed to the appropriate Federal district court only.") (emphasis in original).

## FACTUAL BACKGROUND

### 1. The CARES Act

12. On March 11, 2020, the World Health Organization declared the coronavirus COVID-19 outbreak a global pandemic.

13. On March 25, 2020, Congress passed the CARES Act to mitigate the economic devastation caused by the COVID-19 pandemic, namely to protect the paychecks of millions of Americans employed by small businesses.

14. Part of the CARES Act included the PPP program, which provided the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic. *See id.* § 1102; 15 U.S.C. § 636.

15. The President signed the CARES Act into law on March 27, 2020.

16. The CARES Act specifically amended Section 7(a) of the Small Business Act to create a new class of 7(a) loans with their own specific rules and requirements, including eligibility. *See e.g.*, *Daniel T.A. Cotts PLLC v. American Bank, N.A.*, 2021 WL 2196636 at *1 (S.D.Tex., 2021) (citing 15 U.S.C. § 636(a); 13 C.F.R. § 120.2(a).).

17. The CARES Act expanded the types of borrowers eligible for 7(a) program loans by adding a Section 636(a)(36)(2)(D) entitled "Increased Eligibility for Certain Small Businesses and Organizations" by explicitly and clearly offering covered loans to "*any business concern*, nonprofit organization, veterans organization, or Tribal business concern . . . if [the borrower] employs not more than the greater of" 500 employees; or the size standard of the number of employees for the industry. 15. U.S.C. § 636(a)(36)(2)(D) (emphasis added).

18. Section 7(a) of the Small Business Act provides for different eligibility criteria for traditional SBA business loans than does the CARES Act with respect to eligibility for PPP loans. *See e.g.*, 15 U.S.C § 636(a)(1).

19. The Small Business Act empowers the SBA to make loans under the pre-existing 7(a) loan programs to "qualified small business concerns" but only if the borrower is unable to "obtain credit elsewhere." *Cf.* 15 U.S.C § 636(a)(36))I) ("the requirement that a small business concern is unable to obtain credit elsewhere" shall not apply to a PPP loan.").

20. This eligibility criterion does not apply to PPP loan borrowers under the CARES Act. *Id.*

21. Under the CARES Act, and unlike pre-existing SBA loan programs, the "Maximum Loan Amount" for a PPP loan was the lesser of $10,000,000.00 or a "Payroll Cost"-based formula specified in Section 1102(a)(2)(36)(E) of the Act.

22. "Payroll Costs" are defined in Section 1102 (a)(2)(36)(A)(viii) of the Act. As applicable here, Payroll Costs means "(aa) the sum of payments of any compensation with respect to employees..."; <u>*and*</u> "(bb) the sum of payments of *any compensation to* or income of a sole proprietor or *independent contractor that is a wage*, commission, income, net earnings from self- employment, or similar compensation and that is in an amount that is not more than $100,000 in 1 year, as prorated for the covered period."

23. Eligible recipients are eligible for forgiveness to the extent loan proceeds are used to cover permitted costs, including but not limited to Payroll Costs. CARES Act § 1106(b), (d).

24. Section 1106(b) of the CARES Act provides that an "eligible recipient shall be eligible for forgiveness of indebtedness on a covered loan in an amount equal to the sum of the following costs incurred and payments made during the covered period:

> (1) Payroll Costs.
>
> 2) Any payment of interest on any covered mortgage obligation (which shall not include any prepayment of or payment of principal on a covered mortgage obligation).
>
> (3) Any payment on any covered rent obligation.
>
> (4) Any covered utility payment."

25. For purposes of PPP loan forgiveness, the term ''Payroll Costs'' has the same meaning defined in Section 1102 (a)(2)(36)(A)(viii) of the Act for calculation of "Maximum Loan Amount." *Id.* at § 1106(a)(8).

**2. Essintial Obtains a PPP Loan Consistent with Congressional Intent.**

26. On April 4, 2020, relying upon the clear language of the CARES Act, Essintial certified its eligibility "*under the rules in effect at the time*" it applied for the PPP Loan from Berkshire Bank (the "Lender"), in the amount of $7,028,000.00. The Updated Administrative Record is attached hereto as Exhibit 1[1]; *see* Exhibit 1 at 413 (emphasis added).

[1] The Administrative Record before the OHA was replaced in its entirety by an Updated Administrative Record on March 22, 2022.

27. The requested Loan amount was based on multiplying Essintial's average monthly Payroll Costs of $2,811,520 by 2.5. *Id.*

28. Included in these Payroll Costs were compensation paid to employees and independent contractors based on the language of the CARES Act and April 2, 2020 guidance from the Lender. *See* CARES Act Section 1102 (a)(2)(36)(A)(viii) and Bank Letter on Independent Contractors attached hereto as Exhibit 7 ("1099 employees are allowed to be included in payroll costs.").

29. On or about April 10, 2020, Essintial's Loan Application was approved.

30. Essintial applied for the PPP Loan for the exact purposes envisioned by Congress in the CARES Act.

31. On April 20, 2020, Lender funded Essintial's SBA PPP Loan Number 1596507105.

### 3. The SBA Promulgates the Interim Final Rule After Essintial Certifies Its Application

32. In order to "carry out" the PPP Loan program as defined by the CARES Act, the SBA was granted emergency rulemaking authority to promulgate new regulations and rules. *See* CARES Act at Section 1114.

33. On the date Essintial submitted its Loan Application and certified its eligibility, April 4, 2020, the SBA had yet to publish any regulations in the Federal Register implementing the PPP Loan program.

34. The first regulation published by the SBA in the Federal Register implementing the PPP Loan program was the IFR, which by its explicit terms was not effective until April 15, 2020 ("Effective Date") and had no retroactive effect. 85 Fed. Reg. 20811, 20817.

35. The IFR included the following relevant "questions and answers," which purported to outline "the key provisions of the PPP:

> 2a. Am I eligible? You are eligible for a PPP loan if you have 500 or fewer employees whose principal place of residence is in the United States, or are a business that operates in a certain industry and meet the applicable SBA employee-based size standards for that industry, *and*: ... ii. You were in operation on February 15, 2020 *and either had* employees for whom you paid salaries and payroll taxes *or paid independent contractors, as reported on a Form 1099–MISC*. You are also eligible for a PPP loan if you are an individual who operates under a sole proprietorship or as an independent contractor or eligible self-employed individual, and you were in operation on February 15, 2020.
>
> 2e. How do I calculate the maximum amount I can borrow? The following methodology, which is one of the methodologies contained in the Act, will be most useful for many applicants.
>
> > i. Step 1: Aggregate payroll costs (defined in detail below in f.) from the last twelve months for employees whose principal place of residence is the United States.
> >
> > ii. Step 2: Subtract any compensation paid to an employee in excess of an annual salary of $100,000 *and/or any amounts paid to an independent contractor* or sole proprietor *in excess* of $100,000 per year.
> >
> > iii. Step 3: Calculate average monthly payroll costs (divide the amount from Step 2 by 12).
> >
> > iv. Step 4: Multiply the average monthly payroll costs from Step 3 by 2.5.

v. Step 5: Add the outstanding amount of an Economic Injury Disaster Loan (EIDL) made between January 31, 2020 and April 3, 2020, less the amount of any ''advance'' under an EIDL COVID–19 loan (because it does not have to be repaid).

2h. Do independent contractors count as employees for purposes of PPP loan calculations? No, independent contractors have the ability to apply for a PPP loan on their own so they do not count for purposes of a borrower's PPP loan calculation."

*Id.* at 20812-3 (emphasis added).

### 4. The SBA Wrongfully Denies Full Forgiveness of Essintial's PPP Loan

36. On or about January 6, 2021, having expended the Loan proceeds for Payroll Costs entirely on W-2 wages, Essintial applied for full forgiveness of the Loan ("Forgiveness Application").

37. The Lender approved the Forgiveness Application for full forgiveness and submitted it to the SBA for its approval on January 10, 2021.

38. On October 7, 2021, Essintial received an undated Final Decision from the SBA stating that it was ineligible for a portion of the PPP Loan received and that only $3,469,174.00 of its $7,028,800.00 PPP loan would be forgiven ("Final Decision"). The Final Decision is attached hereto as Exhibit 2.

39. The Final Decision recalculated the Maximum Loan Amount for the Loan on the basis that the original Loan amount "included compensation to independent contractors which cannot be substantiated as an eligible payroll, via the documentation provided."

40. The Final Decision cited no statutory or regulatory support for this recalculation.

41. The partial forgiveness amount left a balance of $3,559,626.00, which Essintial was purportedly required to repay to the Lender.

### 5. The Denial Decision of The SBA Office of Hearings & Appeals Ignores the Clear Errors in the Final Loan Decision

42. On November 8, 2021, Essintial timely appealed the SBA's Final Loan Decision to SBA's Office of Hearings and Appeals ("OHA"), alleging that that the Final Loan Decision was based on clear errors of fact and law, namely that the CARES Act did not exclude amounts paid to independent contractors from the calculation of Payroll Costs when calculating the Maximum Loan Amount. The Essintial OHA Appeal is attached hereto as Exhibit 3.

43. During the course of the OHA Appeal, the SBA increased the forgiveness amount by an additional $233,837.60, leaving a total Loan amount forgiven by the SBA of $3,703,011.60 (and unforgiven amount of $3,325,788.40). Exhibit 1 at 377.

44. The SBA filed a Response to the Appeal, advancing a *post hoc* argument never used in Final Loan Decision that the SBA's draft rule posted on the SBA website on April 2, 2020 ("Draft IFR") is enforceable against PPP borrowers notwithstanding the Draft IFR's explicit and clear statement that it was not effective until the date of publication in the Federal Register, i.e., April 15, 2020.

45. On May 10, 2022 the OHA denied Essintial's appeal of the Final Loan Decision (the "Denial Decision"), incorrectly adopting the SBA's Response assertion that "SBA's eligibility rules have applied to the PPP loan program since the program's inception." The OHA Appeal Denial is attached hereto as Exhibit 4; *see* Exhibit 4 at 14.

46. Notwithstanding that the IFR had a clear and unequivocal Effective Date, the OHA cavalierly dismissed this fact as "not determinative of" the Appeal. The OHA instead relied almost exclusively on assumptions it drew from its review of SBA Form 2483.

**6. OHA Appeal Reconsideration Denial**

47. On May 19, 2022, Essintial filed a Petition For Reconsideration ("PFR") with the OHA, asserting, inter alia, that the Denial Decision was based on a clear error of law by retroactively applying the IFR to the date of Essintial's Loan Application date of April 4, 2020, notwithstanding the IFR's explicit effective date of April 15, 2020. *See* Exhibit 5.

48. The OHA denied the PFR on June 16, 2022 (the "Reconsideration Decision"), finding that to conclude the IFR was not effective at the time of Essintial's Loan Application "would mean that there were no rules in place from March 27, 2020, until April 15, 2020, when the Rule was published in the Federal

Register." The Reconsideration Decision is attached as Exhibit 6; *see* Exhibit 6 at 5.

49. The Reconsideration Decision invented the concept of an "applicability date" to override the Effective Date of the IFR. *Id.*

50. Neither the SBA nor OHA found fault with the size of Essintial as an eligible small business concern.

51. Likewise, neither the SBA nor OHA found fault with the form or content of the Forgiveness Application.

52. On July 16, 2022, 30 days after receipt of the Reconsideration Decision by Essintial, the Reconsideration Decision became the Final Decision of the SBA, entitling Essintial to file this action. 13 C.F.R. § 134.1211(c) and (g).

53. By this action, Essintial seeks to enjoin the SBA from determining Essintial was ineligible for the Loan, and therefore ineligible for forgiveness of the Loan, based on an erroneous finding of law that the IFR was effective as of the date of the Loan Application and approval.

54. Essintial also seeks a temporary restraining order to enjoin the SBA from attempting to collect any payment on the Loan so as to maintain the same deferred status afforded during the PPP loan forgiveness appeal proceedings.

## STANDARD OF REVIEW

55. Pursuant to the APA, 5 U.S.C. §§ 701-706, a court reviewing a final agency action must "hold unlawful and set aside agency action, findings, and conclusions to be found to be ... (A) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).

56. Section 704 of the APA states that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

57. The SBA OHA Denial Decision denying the Appeal meets the requirements of final agency action subject to review.

58. The "[C]ourt is not to substitute its judgment for that of the agency." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983).

59. However, a "court must satisfy itself that the agency 'considered the relevant factors and explained the facts and policy concerns on which it relied, and [that] those facts have some basis in the record.'" *Larry Grant Const. v. Mills*, 956 F.Supp.2d 93 (D.D.C.,2013) (*quoting Nat'l Treasury Employees Union v. Horner*, 854 F.2d 490, 498 (D.C.Cir.1988)).

**COUNT I – CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 5 U.S.C. § 706(2)(A), (C) THAT THE AGENCY'S DENIAL OF FULL FORGIVENESS OF ESSINTIAL'S LOAN WAS ARBITRARY, CAPRICIOUS, AND CONTRARY TO LAW.**

60. Essintial incorporates the preceding paragraphs as if fully set forth herein.

61. The IFR states explicitly that "[t]his interim final rule is effective April 15, 2020." 85 Fed. Reg. 20811. *See also In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at 6 (Bankr. W.D. Tenn. June 2, 2020) ("The first Interim Final Rule was published on April 15, 2020.").

62. The IFR further provides that "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of the Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has *no preemptive or retroactive effect*." (emphasis added).

63. On April 4, 2020, Essintial submitted its PPP Loan Application to the Lender.

64. On April 10, 2020, Essintial's Loan Application was approved.

65. At no point through this process was the IFR in effect and applicable to Essintial.

66. Therefore, Essintial was eligible for its PPP Loan amount at the time it applied and at the time its Loan Application was approved.

67. Essintial used the PPP Loan proceeds for Payroll Costs and other eligible expenses under the CARES Act.

68. The CARES Act, as amended, provides that all such "*eligible* recipient[s] shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added).

69. Because it properly and lawfully utilized its Loan proceeds, which it was eligible to receive at the time it applied for its PPP loan and at the time its Loan Application was approved, Essintial applied for forgiveness on January 6, 2021.

70. The APA authorizes judicial review of federal agency actions. 5 U.S.C § 702.

71. The CARES Act did not provide the SBA with the authority to limit by regulation the eligibility of PPP borrowers beyond the eligibility requirements set forth in the Act.

72. The CARES Act did not provide the SBA with the authority to redefine by regulation terms defined in the Act.

73. The findings of SBA Final Loan Decision, the Denial Decision and the Reconsideration Decision that the CARES Act permitted the SBA to redefine the term "Payroll Costs" to exclude amounts paid to independent contractors from the

calculation of Payroll Costs for purposes of calculating the Maximum Loan Amount were based on clear errors of fact and law.

74. The SBA's exclusion of amounts paid to independent contractors in calculating the Essential's Maximum Loan Amount was contrary to clear Congressional intent.

75. As a result, the SBA's partial denial of forgiveness of the Loan was arbitrary and capricious and must be overturned.

76. Essintial has exhausted its administrative remedies and appeals the SBA's denial of its appeal of the adverse SBA loan forgiveness decision.

77. Essintial is entitled to an order declaring Defendants' actions to redefine terms defined in the CARES Act to determine that Essintial was ineligible for full forgiveness of its PPP Loan are not in accordance with law.

78. Accordingly, Essintial is entitled to a permanent injunction enjoining Defendants from not fully forgiving Essintial's Loan.

## COUNT II – CLAIM FOR DECLARATORY RELIEF THAT THE SBA'S RETROACTIVE APPLICATION OF THE INTERIM FINAL RULE TO PPP LOANS WAS A CLEAR ERROR OF LAW AND THUS WAS ARBITRARY AND CAPRICIOUS, AN ABUSE OF DISCRETION, AND OTHERWISE NOT IN ACCORDANCE WITH APPLICABLE LAW.

79. Essintial incorporates the preceding paragraphs as if fully set forth herein.

80. Even if the CARES Act permitted the SBA to limit eligibility of PPP loan borrowers by regulation beyond the eligibility criteria in the Act, or to redefine terms defined by the Act, the retroactive application of the IFR to Essintial's Loan was a clear error of law.

81. The SBA and OHA acted arbitrary, capriciously, and contrary to law by retroactively applying the IFR and therefor ineligible for full forgiveness of the Loan.

82. However, despite Essintial being eligible for a PPP loan at the requested Loan amount at the time its Loan Application was submitted and at the time its Loan Application was approved, SBA first retroactively applied the IFR to Essintial on April 15, 2022, when the SBA filed the Response in the OHA Appeal.

83. The Denial Decision and the Reconsideration Decision improperly adopted this retroactive application.

84. The SBA's conclusion, via the Final Decision, the Denial Decision and the Reconsideration Decision, that the IFR had retroactive application to Essintial's loan is contrary to law, including but not limited to the clear language of the CARES Act, and as a result the SBA's partial denial of forgiveness of the Loan was arbitrary and capricious and must be overturned. Exhibit 1 at 18; Exhibits 2, 4 and 6.

85. Essintial is entitled to an order declaring Defendants' actions to retroactively apply the IFR to determine that Essintial was ineligible for full forgiveness of its PPP loan are not in accordance with law.

86. Accordingly, Essintial is entitled to a permanent injunction enjoining Defendants from retroactively applying the IFR.

**COUNT III – APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY OR PERMANENT INJUNCTION.**

87. Essintial incorporates the preceding paragraphs as if fully set forth herein.

88. As stated above, the Final Decision, the Denial Decision, and the Reconsideration Decision became final on July 16, 2022, ending the deferral period for the Loan set forth in the SBA regulations.

89. Essintial requests this Court issue a Temporary Restraining Order preventing Defendants or its delegees, namely Lender, from requiring payment under the Loan.

90. Essintial respectfully requests this Court grant this Temporary Restraining Order to protect Essintial, and its residents, until such a time as an evidentiary hearing may be heard by the Court.

91. Essintial properly sought out Congress' offered respite under the CARES Act and complied with all requirements at the time of its Loan Application.

92. Defendants' arbitrary and capricious actions have transformed Congress' intended lifeline into an anchor.

93. The SBA, through its impermissible redefining of statutorily created terms by regulation and then by retroactively applying such redefined terms to the Loan, has saddled Essintial with additional debt and exacerbated the exact problem the CARES Act and PPP loans were implemented to alleviate.

94. The injury faced by Essintial is substantial and irreparable. The burden of temporarily ceasing payments under the PPP Loan is outweighed by the benefit of protecting Essintial from severe economic distress caused by Government action during the pendency of these proceedings.

95. Without temporary relief, this dispute may very well become moot as Essintial may not be able to continue to afford the prosecution of this action or to continue to operate it business in its current form.

96. There is a substantial likelihood of success on the merits of this case, as Essintial has demonstrated that the actions of SBA are arbitrary, capacious and not in accordance with fact or law.

97. Granting the relief requested would not adversely affect public policy or public interest because such temporary suspension of payments would only further extend the automatic deferment period triggered upon filing a forgiveness appeal under 13 CFR § 134.1202.

98. Moreover, requiring repayment during the resolution of this matter would increase administrative costs should the Court enter a judgment in Essintial's favor and against the defendants.

99. While Essintial believes that no bond is necessary, upon a finding by this Court that a bond is necessary, Essintial will post bond.

100. In the case the Court finds a bond should be posted, Essintial believes the bond should be set at a nominal amount given that further deferment of the Loan presents no possible harm.

101. At a trial on the merits, Essintial will prove that the Loan should be forgiven in full.

102. Once these elements are proved, Essintial requests this Court enter an Order on Permanent Injunction.

**COUNT IV – ATTORNEYS' FEES.**

103. Essintial incorporates the preceding paragraphs as if fully set forth herein.

104. The recovery of attorneys' fees for declaratory relief is authorized by the Equal Access to Justice Act. 28 U.S.C. § 2412.

105. As a result of Defendants' actions contrary to fact and law, Essintial has been required to obtain legal counsel to bring this suit and is therefore entitled to reasonable and necessary attorney' fees that may be awarded by this Court.

**WHEREFORE**, Essintial respectfully requests the Court enter a judgment in its favor and against Defendants, granting the following relief:

i. With regard to Count I, entry of a judgment that: (1) the SBA's actions in creating by regulation additional PPP loan eligibility criteria and/or redefining the statutorily created term "Payroll Costs" are arbitrary and capricious; and (2) permanently enjoins the SBA from excluding amounts paid to independent contractors from the calculation of Essintial's Maximum Loan Amount; and (3) for such other, further and different relief as the Court deems just and equitable.

ii. With regard to Count II, entry of a judgment that: (1) the SBA's retroactive application of the IFR in the Final Loan Decision, as incorrectly affirmed in the Denial Decision and the Reconsideration Decision, was a clear error of law; (2) the SBA's decision is arbitrary and capricious; (3) permanently enjoins the SBA from finding Essintial ineligible for full forgiveness of its Loan based on the IFR; and (4) for such other, further and different relief as the Court deems just and equitable;

iii. With regard to Count III, entry of a judgment granting a Temporary Restraining Order and for such other, further and different relief as the Court deems just and equitable.

iv. With regard to Count IV, (1) an award of costs in this suit; (2) an award of reasonable and necessary attorneys' fees; and (3) all such other and further relief, either at law or in equity, to which Essintial may show itself to be justly entitled.

Dated: September 26, 2022

Respectfully submitted,

CLARK HILL PLC

By: *_/s/ Danny P. Cerrone Jr.*
Danny P. Cerrone Jr. (PA201091)
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219
Telephone: 412-394-7711
Facsimile: 412-394-2555
dcerrone@clarkhill.com

Bret S. Wacker (*Pro Hac Vice* forthcoming)
J. Chris White (*Pro Hac Vice* forthcoming)
730 17th Street, Suite 420
Denver, CO 80202
Telephone: 202-772-0906
Facsimile: 202-772-0905
bwacker@clarkhill.com
jwhite@clarkhill.com

ATTORNEYS FOR PLAINTIFF

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 16, 2022

Robert Kolb
Essintial Enterprise Solutions LLC

**LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit 1 | Updated Administrative Record |
| Exhibit 2 | SBA Final Decision |
| Exhibit 3 | Essintial OHA Appeal |
| Exhibit 4 | OHA Appeal Denial Decision |
| Exhibit 5 | Petition for Reconsideration |
| Exhibit 6 | OHA Reconsideration Decision |
| Exhibit 7 | Bank Letter on Independent Contractors |